# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

2015-SC-000569-I

FINAL

DATE 4-7-16 _Enit Grawuh_ D.C

NATIONAL GEOGRAPHIC SOCIETY;
NGC NETWORK, LLC

APPELLANTS

|  | ON APPEAL FROM COURT OF APPEALS |
| V. | CASE NO. 2015-CA-000648-I |
|  | HARLAN CIRCUIT COURT NO. 15-CI-00012 |

JOSEPH GRIESHOP; MARVIN J. LIPFIRD

APPELLEES

**MEMORANDUM OPINION OF THE COURT**

**VACATING AND REMANDING**

In defending against a defamation claim, the National Geographic Society sought to enforce the terms of an arbitration agreement that it claimed governed the claim. The trial court refused to compel arbitration on the ground that no valid contract had been formed. The Court of Appeals denied interlocutory relief without addressing the contract-formation question on the ground that National Geographic had failed to allege, much less prove, irreparable injury. May an appellate court refuse to grant interlocutory relief in such circumstances without examining the trial court's conclusion that there was no valid contract? It may not. Our authorities are clear that irreparable injury is proven if the trial court erred in finding no valid contract. For that

reason, the Court of Appeals' order is vacated and this matter is remanded for further proceedings.

## I. Background

In 2013, National Geographic was filming a "reality" television show titled *Kentucky Justice* about law-enforcement in Harlan County, Kentucky. At the time, Joseph Grieshop was the Harlan County Judge/Executive. On April 18, 2013, he signed a document titled "Location and Personal Release" allowing National Geographic to film at the "courtroom at the Harlan County Courthouse to include the roof."

Although Grieshop claims he informed National Geographic's agent at that time that he did not want to be filmed, the release also grants National Geographic permission to "photograph and record [his] likeness and activities" and "to use and re-use, publish and re-publish, and modify or alter the Image(s) taken during the Shoot in the Assignment." Among other things, Grieshop agreed to "waive [his] right to inspect or approve any editorial text or advertising that is used in connection with the Images," and to "release and discharge [National Geographic] … from any and all claims arising out of use of the Images for the purposes described above, including any claims for misappropriation of property, libel, invasion of property, or other tortious act." The release also stated: "In addition, neither I nor any other party having an interest in the Location or Shoot shall have any claim or right of action for injunctive relief and/or money damages against [National Geographic] or [National Geographic's] agent arising out of the use of the Images."

Although National Geographic did not sign the release, at least two provisions placed obligations on it. Specifically, National Geographic "agree[d] that it will not use the Images to defame or show the Location in a false light." It also agreed to "use reasonable care to prevent damage to the Location and ... [to] indemnify [Grieshop] should any damage be caused to the Location by the negligent act or omission of [National Geographic] or its agents, employees or invitees."

Some time after the release was executed, then-Harlan County Sheriff Marvin Lipfird executed an arrest warrant, signed by a trial commissioner, on Grieshop at his office in the basement of the courthouse. The arrest was filmed by National Geographic. The charges against Grieshop were later dismissed for lack of probable cause. Grieshop claims that National Geographic was given notice of this fact. Nevertheless, footage of the arrest was used in an episode of *Kentucky Justice* that first aired on January 24, 2014. The episode was originally titled "Law Gone Bad" and, after Grieshop complained, was re-titled "Arresting the Law."

On February 15, 2015, Grieshop filed a defamation action against National Geographic and Lipfird. National Geographic moved to compel arbitration under an arbitration clause in the release. That clause reads as follows:

> The parties agree that they will attempt in good faith to settle any and all disputes arising out of, under, or in connection with this Agreement, including without limitation the validity, interpretation, performance and breach hereof, through a process of mediation in Washington, D.C under the supervision of a mutually agreed upon mediator. In the event that mediation fails to settle such a dispute, the parties agree to proceed to binding arbitration in Washington,

3

D.C. pursuant to the then existing rules of the American Arbitration Association. Judgment upon the award rendered may be entered in any court having jurisdiction thereof. In the event of arbitration, the non-prevailing party will be responsible to pay all costs, the prevailing party's attorney's fees, costs and other disbursements, plus legal interest on the award.

The trial court denied the motion, concluding that there was no valid underlying agreement to which the arbitration agreement could apply and thus no valid arbitration agreement. The court stated that "an arbitration agreement presupposes the existence of another *agreement*," and that the release, the purported other agreement, was "not a contract, for the basic reason that it lacks mutuality; stated differently, it is devoid of any consideration whatsoever passing to Grieshop." The court further stated that the release contained only unilateral promises by Grieshop "without as much as a *recital* of consideration," and that the promises by National Geographic only ran to the "Location," namely, "the old Harlan County Court House, which Grieshop does not own."

National Geographic then moved the Court of Appeals for interlocutory relief under Civil Rule 65.07 and *North Fork Collieries, LLC v. Hall*, 322 S.W.3d 98 (Ky. 2010). The Court of Appeals denied the motion, noting that relief under those authorities is essentially injunctive and requires proof of irreparable injury, and concluding that National Geographic "has not asserted, much less proven, any irreparable injury resulting from the trial court."

National Geographic appealed to this Court under Civil Rule 65.09.

4

## II. Analysis

As this Court has stated several times in the past, an order denying a motion to compel arbitration based on an arbitration agreement is one of the few interlocutory trial orders that may be reviewed immediately by an appellate court. If the arbitration agreement in question is governed by the Kentucky Uniform Arbitration Act, interlocutory review is provided by statute. *See* KRS 417.220(1)(a) ("An appeal may be taken from ... [a]n order denying an application to compel arbitration made under KRS 417.060...."). If that act does not apply and the agreement is governed by other law, such as the Federal Arbitration Act, "CR 65.07 and CR 65.09 [are] appropriate avenues for the review of trial court orders denying motions to compel arbitration." *North Fork Collieries*, 322 S.W.3d at 101. Those rules, of course, allow interlocutory review of orders granting or denying injunctive relief.

The rationale behind this is not that motions to compel arbitration are precisely motions for injunctive relief but because they "are in some ways akin to motions for injunctions under CR 65.04." *Id.* at 102. We have also noted that "they are significantly different as well." *Id.* Unlike a traditional request for an injunction, which would require the trial court "to weigh the equities of the situation, to assess the merits of the underlying controversy, [and] to determine whether litigation would or would not 'irreparably harm' the movant," a motion to compel arbitration seeks only "specific performance of the asserted contractual right," and the trial court's "task ... is simply to decide under ordinary contract law whether the asserted arbitration agreement actually exists between the parties and, if so, whether it applies to the claim raised in

the complaint." *Id.* And whereas an ordinary request for "injunctive relief is said to be within the sound discretion of the trial court, in this context that discretion extends no further than the correct application of the law, and accordingly we have held that the improper denial of a motion to compel arbitration warrants relief under CR 65.09." *Id.* "The trial court's factual findings, if any, are reviewed for clear error, but its construction of the contract, a purely legal determination, is reviewed de novo." *Id.*

Despite the differences between an ordinary injunction action and interlocutory review of the denial of a motion to compel arbitration, both require a showing that "the movant will suffer irreparable injury or the final judgment will be rendered ineffectual." *Id.* The Court of Appeals reached its decision by applying this point of law to National Geographic's claim and concluding that it had neither alleged nor proven irreparable injury.

That approach, however, ignored that *North Fork Collieries* went on to hold expressly that "in this context irreparable injury arises from an improper denial of a motion to compel arbitration and that the principal question on review is simply whether the trial court correctly decided the contract issue." *Id.* at 103. In other words, irreparable injury is proven by showing that the trial court erred in denying the motion to compel arbitration.

The Court of Appeals simply failed to engage in the required analysis, namely, whether the trial court correctly decided the contract-formation question. That error alone satisfies the requirement that the movant show extraordinary cause as required by Civil Rule 65.09(1) and requires that the Court of Appeals' order be vacated.

6

## III. Conclusion

Because the Court of Appeals failed to apply *North Forth Collieries* in its entirety and denied National Geographic's request for interlocutory relief without examining whether the trial court correctly determined there was no contract, the Court of Appeals' order denying interlocutory relief is vacated. This matter is remanded to that court for determination of the contract-formation question.

All sitting. All concur.

COUNSEL FOR APPELLANTS:

Susan Grogan Faller
Frost Brown Todd, LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202

Barry Douglas Hunter
Frost Brown Todd, LLC
250 West Main Street, Suite 2800
Lexington, Kentucky 40507-1749

COUNSEL FOR APPELLEE, JOSEPH GRIESHOP:

Russell Darren Alred
PO Box 288
Harlan, Kentucky 40831

COUNSEL FOR APPELLEE, MARVIN J. LIPFIRD:

Jonathan C. Shaw
Porter, Schmitt, Banks & Baldwin
327 Main Street
PO Drawer 1767
Paintsville, Kentucky 41240-1767